**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **EDNA ELIZABETH ELLSBERRY,** | ) | |
| **Trustee of the Samuel Ellsberry** | ) | |
| **Trust 2019,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **vs.** | ) | **No. 3:21-CV-2126-K-BH** |
| | ) | |
| **CHARITY COLLEEN CROUSE &** | ) | |
| **Occupants,** | ) | |
| | ) | |
| **Defendants.** | ) | **Referred to U.S. Magistrate Judge[1]** |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Based on the relevant filings and applicable law, this Court lacks jurisdiction over this eviction case, and it should be **REMANDED** to the state court *sua sponte*.

**I. BACKGROUND**

On August 18, 2021, Edna Elizabeth Ellsberry, Turstee of the Samuel Ellsberry Trust 2019, a/k/a Ellsberry Samuel Trust 2019 (Plaintiff), filed a sworn petition for eviction under Section 24.005 of the Texas Property Code against Charity Colleen Crouse (Defendant) and all occupants of 5916 Birchbrook Drive # 231, Dallas, Texas 75206 (the Property), in the Justice of the Peace Court, Precinct 5, Place 2, of Dallas County, Texas. (*See* doc. 3 at 19-22.)[2] On September 7, 2021, Defendant removed the action to the United States District Court for the Northern District of Texas, Dallas Division. (*See id.*) She does not identify the basis for removal, but because she cites federal criminal statutes, her initial filing is liberally construed as alleging federal question jurisdiction. (*See id.* at 8-10.)

---

[1] By *Special Order No. 3-251*, this pro se case has been automatically referred for full case management.

[2] Citations refer to the cm/ecf system page number at the top of each page rather than the page numbers at the bottom of each filing.

## II.  JURISDICTION

"Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).  They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).  Courts have "a continuing obligation to examine the basis for their jurisdiction." *See MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990).  They may *sua sponte* raise the jurisdictional issue at any time. *Id.*; *EEOC v. Agro Distrib., LLC*, 555 F.3d 462, 467 (5th Cir. 2009) (even without an objection to subject matter jurisdiction, a court must consider *sua sponte* whether jurisdiction is proper).  Accordingly, the Court must *sua sponte* determine whether it has jurisdiction over this removed case.

Any civil action brought in state court may be removed to federal court if the district court has original jurisdiction over that action. 28 U.S.C. § 1441(a).  A district court's original jurisdiction is of two types: federal question jurisdiction and diversity jurisdiction. 28 U.S.C. §§ 1331, 1332. Federal question jurisdiction exists in all civil actions arising under the Constitution, laws, or treaties of the United States. *Id.* § 1331.  Diversity jurisdiction exists in all civil actions where the amount in controversy exceeds $75,000.00 exclusive of interests and costs, and there is diversity of citizenship. *Id.* § 1332(a).  "The removing party bears the burden of showing that federal question jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir.2002).  "[A]ny doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir.2007).

2

A.    **Federal Question Jurisdiction**

Although Defendant does not specifically allege a basis for jurisdiction over this eviction case, her notice of removal appears to allege that federal question jurisdiction exists over this eviction action because she cites federal criminal statutes.  (*See* doc. 3 at 8-10.)

Federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's well-pleaded complaint.  *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  This requires "a well-pleaded complaint [to] establish[] either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."  *Singh v. Duan Morris LLP*, 538 F.3d 334, 337–38 (5th Cir. 2008).  To determine whether resolution of a substantial question of federal law is necessary, courts must determine whether "(1) resolving a federal issue is necessary to resolution of the state-law claim; (2) the federal issue is actually disputed; (3) the federal issue is substantial; and (4) federal jurisdiction will not disturb the balance of federal and state judicial responsibilities."  *Id.* at 338.

It is "not sufficient for the federal question to be raised in the answer or in the petition for removal."  *MSOF Corp. v. Exxon Corp.*, 295 F.3d 485, 490 (5th Cir. 2002), *cert. denied*, 537 U.S. 1046 (2002).  "[T]here is generally no federal jurisdiction if the plaintiff properly pleads only a state law cause of action."  *Id.*; *see also Caterpillar*, 482 U.S. at 393 (holding that "a case may *not* be removed to federal court on the basis of a federal defense ... even if the defense is anticipated in the plaintiff's complaint") (emphasis in original); *see also Fed. Nat. Mortg. Ass'n*, 2010 WL 4627833, at *3 (holding that even if a federal statute "supplied a federal defense" for the plaintiff in a foreclosure action, "it would still be insufficient for federal jurisdiction because [the] *Plaintiff's*

*pleadings* must raise the federal claim or issue") (emphasis in original).  Plaintiff's suit for eviction arises solely under state law and does not provide a basis for federal jurisdiction.  *See Stump v. Potts*, 322 F. App'x 379, 380 (5th Cir. 2009) (*per curiam*) (noting that because the state court complaint was a simple suit to evict arising under Tex. Prop. Code § 24.0051, it did not provide basis for federal question jurisdiction).

Defendant has not shown that her claims were raised in Plaintiff's petition for eviction under Section 24.005 of the Texas Property Code.  Any federal claims in her notice of removal therefore cannot provide the basis for federal question jurisdiction.

**B.    Diversity Jurisdiction**

Defendant's *pro se* notice of removal does not expressly assert that federal jurisdiction exists based on diversity of citizenship.  (*See* doc. 3 at 1-4.)  To the extent that it may be liberally construed as alleging diversity of citizenship, Defendant also fails to establish this basis for jurisdiction.

**1.** *Citizenship*

A case removed under § 1332 must have complete diversity of citizenship.  *Lincoln Property Co. v. Roche,* 546 U.S. 81, 84 (2005).  "Complete diversity" means that a plaintiff may not share citizenship with any defendant.  *Whalen v. Carter*, 954 F.2d 1087, 1094 (5th Cir.1992).  A party asserting diversity jurisdiction must "distinctly and affirmatively" allege the citizenship of the parties.  *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir.1988) (citing *McGovern v. Am. Airlines, Inc.*, 511 F.2d 803, 805 (5th Cir. 1991)). Because Defendant's notice of removal does not "distinctly and affirmatively" allege Plaintiff's citizenship or her own, she has not met her burden to show diversity of citizenship.

**2. *Amount in Controversy***

The amount-in-controversy threshold is a necessary element of subject-matter jurisdiction and must also be met before a federal court properly exercises diversity jurisdiction. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). The defendant, as the removing party, bears the burden of establishing by a preponderance of the evidence that the amount in controversy exceeds $75,000. *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993). The removing party may satisfy this burden by demonstrating that it is facially apparent from the petition that the claim likely exceeds $75,000.00, or by setting forth the facts in controversy that support a finding of the requisite amount. *Allen v. R & H Oil & gas Co.*, 63 F.3d 1326, 1335 (5th Cir.1995).

In the context of forcible detainer actions, courts have held that the amount in controversy is not the value of the property, but rather, the value of the right of possession. *See Fed. Nat. Mortg. Ass'n v. Talley*, No. 3:12-CV-1967-N-BH, 2012 WL 4005910, at *2 (N.D. Tex. Aug. 16, 2012), *report and recommendation adopted*, 2012 WL 4005760 (N.D. Tex. Sept. 11, 2012) (collecting cases). By contrast, when the loss of title to property is at issue, the property itself is the object of the litigation and its value is the proper measure of the amount in controversy. *Burr v. JP Morgan Chase Bank, N.A.*, No. 4:11-CV-03519, 2012 WL 1016121, at *3 (S.D. Tex. Mar. 23, 2012).

In this case, the only issue raised by the petition for eviction is the right to possession. Defendant has not shown that Plaintiff seeks money damages, disputes the title to property, or seeks any debt related to the property, so she cannot show that the amount in controversy requirement for diversity jurisdiction has been met for *this* case. Consequently, she has not shown a basis for the exercise of subject-matter jurisdiction over this case.

5

## III. RECOMMENDATION

This case should be *sua sponte* **REMANDED** to the Justice of the Peace Court, Precinct 5, Place 2, of Dallas County, Texas, for lack of subject matter jurisdiction.

**SO RECOMMENDED this 9th day of September, 2021.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE